CHARLES T. DAILY v. J. B. BARTHOLOMEW.

No. 213.

1. INDORSEMENT AND ASSIGNMENT—*of note may both be made by same party at same time.* The contract of assignment of a negotiable promissory note and the contract of indorsement may both be made at or near the same time, by the same person, in connection with the sale and transfer of the note and the mortgage securing the same.

2. —————— *both set out in an otherwise good petition against indorser, error to sustain demurrer.* In this case, the defendant Bartholomew made an assignment of the note in writing upon the back of the note, and also indorsed the note by a separate contract in writing, by blank indorsement, waiving protest. A petition which alleged these facts, in connection with an allegation of the making and delivery of the note by the makers, although both contracts were set out in the petition, stated a good cause of action against Bartholomew; and sustaining a demurrer thereto was error.

Error from Shawnee District Court. Hon. John Guthrie, Judge. Opinion filed April 30, 1897. *Reversed.*

This was an action by the plaintiff in error against the defendant in error as an indorser of a promissory note made payable to his order. The petition contained apt averments for the purpose, but set out a copy of the note, showing the following indorsement:

"For value received I hereby assign and transfer the within note and coupons, together with all my interest in and right to the mortgage securing the same, to Charles T. Daily.       J. B. BARTHOLOMEW."

And, distinct from this, the following:

"Protest waived.          J. B. BARTHOLOMEW."

The defendant in error demurred, his demurrer was sustained, the plaintiff in error refused to plead further, and judgment was rendered for the defendant in

error.   This proceeding was brought to reverse that order and that judgment.

*John H. Calvin,* for plaintiff in error.

No appearance for defendant in error.

MAHAN, P. J.   There is no reason in law why a party who assigns a note may not become liable as an indorser thereon by the contract of indorsement in the usual form.   The contention of the defendant in error is, that this is not an indorsement; and, while he has no brief on file, nor was the case argued in his behalf, we understand his contention to be that the petition does not disclose a contract of indorsement within the meaning of that word, technically speaking.   There is no denial of the signatures.   The demurrer admits the making of the indorsement as set out in the petition.   What is a technical indorsement, within the meaning of the law merchant?

"Indorsing an instrument, in its literal sense, means writing one's name on the back thereof; and, in its technical sense, it means writing one's name thereon with intent to incur the liability of a party who warrants payment of the instrument, provided it is duly presented to the principal at maturity, not paid by him, and such fact is duly notified to the indorser."   Daniel on Negotiable Instruments, vol. 1, § 666.

The second contract written upon the back of this note fully discloses the intent here specified.   The contract contains a waiver of presentation at maturity, or at least a waiver of protest and notice of dishonor.

"An indorsement may be by blank, and is so called when it consists of nothing more than the indorser's name. . . . By far the most common way of indorsing in actual use is by blank indorsement; this indeed may be considered the custom, and anything

written besides the name may be taken as an exception." Parsons on Notes and Bills, vol. 2, p. 18.

Had the defendant and plaintiff been content to rest upon the contract of assignment, simply, the case would have come within the rule laid down in *Hatch v. Barrett* ( 34 Kan. 223) ; but the fact that the defendant in error, in addition to the contract of assignment, indorsed the note in another place, in the usual form of blank indorsement, with the exception of the words over his signature, "protest waived," clearly indicates the intention to assume the obligation of an indorser by an indorsement in blank.

The judgment sustaining the demurrer to the petition is reversed, and the case remanded with directions to the court below to overrule the demurrer.